# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CAROL A. WILSON, Administrator,** *et al.*,

        **Plaintiffs,**

v.

**FIORITTO CONSTRUCTION, LLC,**

        **Defendant.**

Case No. 2:17-cv-317
**JUDGE GEORGE C. SMITH**
**Magistrate Judge Deavers**

## OPINION AND ORDER

This matter is before the Court upon the Supplemental Brief to the Motion for Summary Judgment of Plaintiffs Carol A. Wilson, Administrator, and Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Education and Training Fund, and the Ohio Operating Engineers Apprenticeship Fund ("Plaintiffs' Motion for Summary Judgment") (Doc. 19). Defendant Fioritto Construction, LLC declined to file a brief opposing any of Plaintiffs' new evidence or arguments and the time to do so has now expired.

For the reasons that follow, Plaintiffs are entitled to judgment in the amount of $17,034.04 in delinquent fringe benefit contributions, $5,594.77 through July 15, 2018 plus $8.00 for each day thereafter that payment remains outstanding in interest, and $5,594.77 through July 15, 2018 plus $8.00 for each day thereafter that payment remains outstanding in liquidated damages.

## I. BACKGROUND

Plaintiffs are the Administrator and Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Education and Safety Fund, and the Ohio Operating Engineers Apprenticeship Fund (the "Funds"). The Funds are jointly administered, multiemployer fringe benefit programs established for the benefit of employees of contractors who perform work pursuant to the "Ohio Highway Heavy Agreement Effective May 1, 2010 through April 30, 2013" between the International Union of Operating Engineers, Local 18 and its Branches (AFL-CIO) (the "Union") and the Labor Relations Division of the Ohio Contractors Association (Doc. 13-1, Collective Bargaining Agreement ("CBA")). The Funds provide health and welfare, retirement, and other fringe benefits to their beneficiaries. (Doc. 1, Compl. ¶¶ 2–3).

Defendant Fioritto Construction, LLC is in the business of heavy highway construction and typically has four to five employees. (Doc. 14-7, Fioritto Dep. at 9). Shortly after it was formed in 2011, Defendant entered into a one-page "AGREEMENT — Highway Heavy Construction" with the Union (Doc. 1, PAGEID #12) on March 14, 2011, whereby Defendant agreed to adopt all terms of the CBA, including obligations to contribute to the Funds.

Plaintiffs commenced this action under 29 U.S.C. §§ 1145 and 1132 on April 14, 2017. (Doc. 1, Compl.). Plaintiffs seek to recover the amount of unpaid delinquent fringe benefit contributions owing for three of Defendant's employees "in the amount of $17,034.04, plus accumulated interest charges in the amount of $3,968.26 calculated through November 30, 2017, plus late charges of $8.40 per day thereafter and statutory interest in the amount of $3,968.26 calculated through November 30, 2017, plus late charges of $8.40 per day thereafter as long as the judgment remains unpaid," in addition to attorneys' fees and costs. (Doc. 13, Mot. at 9).

Plaintiffs moved on November 30, 2017 for summary judgment on all of their claims (other than attorneys' fees and costs, which Plaintiffs indicate they will seek in a post-judgment motion). On May 10, 2018, this Court entered an Order finding Defendant liable for delinquent fringe benefit contributions as to Defendant's employees Tom Yelling and Thomas Fioritto, but the Court was unable to determine whether a payment made in January 2017 extinguished liability as to outstanding contributions attributable to Defendant's employee Mario Finelli. The Court was also unable to calculate the total amount owing or the associated interest or liquidated damages to which Plaintiff may be entitled. (Doc. 18). The Court therefore ordered Plaintiffs to submit a supplemental brief, along with admissible evidence, to support the amount claimed. (*Id.*). Plaintiffs did so on June 6, 2018. (Doc. 19). Defendant was given until June 20, 2018 to oppose Plaintiffs' supplemental brief but has not done so.

## II. DISCUSSION

**A.  Liability as to contributions on behalf of Mario Finelli**

The Court is satisfied by Carol Wilson's affidavit describing the Funds' standard practice of crediting post-audit contribution payments toward the oldest outstanding hours. (Doc. 19-1). The Court also recognizes that this practice was expressly approved of in *Bunn Enters., Inc. v. Ohio Operating Eng'rs Fringe Ben. Programs*, No. 2:13-CV-357, 2013 WL 3147956, at *11 (S.D. Ohio June 19, 2013) (Marbley, J.). Accordingly, the Funds were permitted to credit (at least a portion of) the January 12, 2017 payment that Defendant designated for Mario Finelli (whose hours accrued beginning April 2016) to hours accrued by other employees in March 2016. As a result, Defendant's January 12, 2017 payment representing the amount of outstanding unpaid contributions attributable to Mario Finelli did not extinguish Defendant's liability as to Mr. Finelli. Plaintiffs are therefore entitled to judgment on liability as to Mr. Finelli's unpaid contributions.

**B.     Damages calculations**

All that remains at this stage is to calculate the amount owing to Plaintiffs representing the total amount of delinquent contributions, interest, and liquidated damages.

**1.     Fringe benefit contributions**

The Court is satisfied by Plaintiffs' supporting documentation showing the number of relevant hours worked by each of Finelli, Yelling, and Fioritto as to the total amount of delinquent contributions assessed during the audit ($17,846.29) less the $812.25 from Defendant's January 2017 payment credited toward the audit balance, resulting in an outstanding contribution amount of $17,034.04. As Defendant has not opposed this number, Plaintiffs are entitled to judgment in this amount.

**2.     Interest**

The amounts of interest and liquidated damages are not arrived at so easily. Interest on unpaid contributions is mandatory and is "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26 [prescribing interest rates for underpayments to the Internal Revenue Service]." 29 U.S.C. § 1132(g). Plaintiffs previously represented to the Court that the Funds had adopted rules and regulations setting an 18% per annum interest rate for all delinquent contributions; however, those rules and regulations were not attached to Plaintiff's motion for summary judgment.

In their supplemental brief, Plaintiffs attach resolutions by fund trustees adopting an 18% per annum interest rate on delinquent contributions, but these resolutions govern only two of the four Funds (the Ohio Operating Engineers Health and Welfare Plan ("H&W Fund") and the Ohio Operating Engineers Pension Fund ("Pension Fund")). (Doc. 19-1, PAGEID #305–06). Plaintiffs attach no supporting documentation establishing an interest rate for the remaining two funds (the Ohio Operating Engineers Education and Safety Fund ("E&S Fund") and the Ohio Operating

4

Engineers Apprenticeship Fund ("Apprenticeship Fund")), at 18% or otherwise. Because the Court's May 10, 2018 order directed Plaintiffs to "attach a complete copy of any document on which they rely for specific rates of interest or liquidated damages" (Doc. 18 at 14), the Court concludes that there are no plan documents in existence that provide for a specific interest rate for the latter two Funds.

As a result, the Court must ascertain the appropriate interest rate by reference to 26 U.S.C. § 6621. This section provides that the interest rate on underpayments shall be "the sum of the Federal short-term rate determined under subsection (b), plus 3 percentage points." 26 U.S.C. § 6621(a)(2). For the purpose of this provision, the Federal short-term rate is the monthly interest rate established by 26 U.S.C.§ 1274(d), rounded to the nearest full percent. 26 U.S.C.§ 6621(b)(3). Throughout the relevant period of 2016 when the delinquent contributions first accrued, the Federal short-term rate rounded to the nearest full percent was 1% per annum. *See* Revenue Rulings RR-2016-07, -09, -11, -13, -17, -18, -20, and -25. Thus, for all delinquent contributions to the E&S Fund and the Apprenticeship Fund, the applicable interest rate is 1% + 3% = 4% per annum, not the 18% rate claimed by Plaintiffs.

Applying the 18% rate to the outstanding delinquent contributions to the H&W and Pension Funds, and applying the 4% rate to the E&S and Apprenticeship Funds (and subtracting the $91.56 credited toward late charges from Defendant's January 2017 payment), the Court finds that Defendant owes $5,594.77 through July 15, 2018 plus $8.00 for each day thereafter that payment remains outstanding in interest under 29 U.S.C. § 1132(g)(2)(B).

The Court notes that, while Plaintiffs incorrectly used the 18% rate to calculate already-accrued interest on the E&S and Apprenticeship contributions, it appears Plaintiffs properly used the 4% rate for the E&S and Apprenticeship Funds when calculating the prospective per diem

amount. However, Plaintiffs neglected to subtract the $812.25 January 2017 payment credited toward the audit balance when calculating the prospective per diem amount; this accounts for the difference between the $8.40 sought by Plaintiffs and the $8.00 figure reached by the Court.

### 3. Liquidated damages

Section 1132(g)(2)(C) also provides for a mandatory award of liquidated damages, in addition to unpaid contributions and interest, in an amount equal to the greater of:

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount [of unpaid fringe benefit contributions].

Plaintiffs rely on the same two resolutions pertaining only to the W&H and Pension Funds for their liquidated damages claim. These resolutions provide for "liquidated damages as permitted by law" and do not, as Plaintiffs earlier asserted, fix a percentage rate for liquidated damages. (Doc. 19-1, PAGEID #305–06). And again, Plaintiffs submit no documents related to liquidated damages for the E&S and Apprenticeship Funds. Therefore, the liquidated damages for each fund is equal to the interest applicable to the unpaid contributions for each fund. Accordingly, the Court finds that Defendant owes $5,594.77 through July 15, 2018 plus $8.00 for each day thereafter that payment remains outstanding in liquidated damages under 29 U.S.C. § 1132(g)(2)(C).

### III. CONCLUSION

For the foregoing reasons, judgment is entered for Plaintiffs in the amount of $17,034.04 in delinquent fringe benefit contributions, $5,594.77 through July 15, 2018 plus $8.00 for each day

thereafter that payment remains outstanding in interest, and $5,594.77 through July 15, 2018 plus $8.00 for each day thereafter that payment remains outstanding in liquidated damages.

    **IT IS SO ORDERED.**

                                               */s/ George C. Smith*
                                              **GEORGE C. SMITH, JUDGE**
                                              **UNITED STATES DISTRICT COURT**