# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CAROL A. WILSON, Administrator,
*et al.*,

        Plaintiffs,

                         Case No. 2:17-cv-317
v.                       JUDGE GEORGE C. SMITH
                         Magistrate Judge Deavers

FIORITTO CONSTRUCTION, LLC,

        Defendant.

## OPINION AND ORDER

This matter is before the Court upon the motion of Plaintiffs Carol A. Wilson, Administrator, and Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Education and Training Fund, and the Ohio Operating Engineers Apprenticeship Fund for Attorney's Fees and Costs ("Plaintiffs' Motion for Attorney's Fees") (Doc. 22). The motion is fully briefed and ripe for disposition. For the following reasons, Plaintiffs' Motion for Attorney's Fees is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

On August 1, 2018, the Court granted summary judgment in favor of Plaintiffs on their claim against Defendant Fioritto Construction, LLC for unpaid fringe benefit contributions, interest, and liquidated damages under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145. (Doc. 20). Under 29 U.S.C. § 1132(g)(2)(D), an

award of attorney's fees to Plaintiffs is mandatory because "a judgment in favor of the plan [was] awarded." Plaintiffs submitted their motion and supporting documentation seeking $24,061.40 in fees and costs on August 15, 2018. (Doc. 22). Defendant filed a memorandum in opposition on August 29, 2018 (Doc. 23), and Plaintiff filed a reply on September 11, 2018 (Doc. 25).

## II.    DISCUSSION

Under the "American Rule," parties must generally pay their own attorney's fees regardless of the ultimate outcome of a case. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). Various federal statutes, however, alter the default approach. *Id.* As applicable here, Congress enacted 29 U.S.C. § 1132(g)(2)(D), providing for a mandatory award of "reasonable attorney's fees and costs of the action, to be paid by the defendant" when a favorable judgment is awarded to the plan in an action to recover delinquent contributions to a multiemployer plan under the terms of a collectively bargained agreement. 29 U.S.C. §§ 1132(g)(2)(D), 1145.

In ERISA cases, there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). However, the award of attorneys' fees must be reasonable as determined under the "lodestar" approach. *Id.* "The starting point for determining the amount of reasonable attorney fees is the 'lodestar amount' which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 551–52 (6th Cir.2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 426 (1983); *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) ("[A] district court begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate."

2

(internal quotation marks and citation omitted)). The resulting sum may be adjusted to reflect factors such as the "results obtained." *Hensley,* 461 U.S. at 434 (quoting *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)); *Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 621 (6th Cir. 2007).

In support of their fee request, Plaintiffs submit the declaration of their counsel, Daniel J. Clark, and hourly billing records noting the amount of time spent by each employee of Mr. Clark's firm on each task. (Doc. 22-1.) Plaintiffs request the following hourly rates:

| Name | Position | Years in Practice | Hourly Rate |
|------|----------|-------------------|-------------|
| Daniel J. Clark | Attorney | 15 | $425–$450 |
| Elizabeth B. Howard | Attorney | 4 | $260–$290 |
| Jane L. Swinford | Paralegal | 37 | $210–$215 |

Mr. Clark's declaration states that he has litigated cases of this nature in this Court for approximately 15 years, and, in his professional opinion, the time Plaintiffs' counsel spent on this matter and the charges for attorney's fees were reasonable and necessary. (Doc. 22-1, Clark Dec. ¶ 8). In total, Plaintiffs are seeking $23,212.75 in attorney's fees, along with a $448.65 charge for the deposition transcript of Thomas Fioritto, and the $400 filing fee for commencing this action. (*Id.* ¶¶ 3, 6–7).

Defendant contests the reasonableness of Plaintiffs' counsel's hourly rates as well as the amount of time spent on litigating the matter. Defendant describes Mr. Clark's and Ms. Swinford's hourly rates as "categorically unreasonable" (Doc. 23, Resp. at 1), but fails to provide any evidence to that effect or to suggest alternative rates that would be reasonable. Defendant makes similarly unsupported arguments as to the amount of time spent on drafting the complaint, attending the preliminary pretrial conference and drafting the Rule 26(f) report, drafting a

3

settlement demand, drafting discovery requests, preparing for Defendant's deposition. (*Id.* at 2). However, the hourly rates and the time spent on litigating this case do not appear unreasonable to the Court. Moreover, this Court recently approved these same hourly rates in a similar ERISA fringe benefits case. *See Wilson v. A&K Rock Drilling, Inc.*, No. 2:16-CV-739, 2018 WL 3105953, at *2 (S.D. Ohio June 25, 2018) (Marbley, J.). The Court therefore concludes that Plaintiff's counsel's hourly rates and the time spent litigating this case are reasonable, with the following caveats.

Defendant also points out deficiencies in Plaintiffs' counsel's billing records that require no additional evidence to prove. First, there are several billing entries related to claims with Liberty Mutual, which do not have any readily apparent relationship to this case. Plaintiffs' Reply did not respond to Defendant's argument that these time entries are irrelevant to the judgment obtained by Plaintiffs. Accordingly, the Court will reduce Plaintiffs' requested attorney's fees by the following amounts:

| Date | Name | Hours | Amount | Narrative |
|------|------|-------|--------|-----------|
| 1/24/2017 | Howard, Elizabeth B. | 0.75 | $195.00 | Attention to correspondence from Ms. Polsinelli regarding correspondence with Liberty Mutual in regards to delinquent contributions. Review of same. Telephone conference with Ms. Polsinelli regarding same. Preparation of correspondence to Mr. Clark regarding response to same. |
| 2/15/2017 | Howard, Elizabeth B. | 0.6 | $156.00 | Attention to correspondence from Ms. Polsinelli requesting draft of correspondence to Liberty Mutual regarding claims for delinquent contributions. Review of previous correspondence between Liberty Mutual and Ms. Polsinelli in connection with same. |
| 2/16/2017 | Howard, Elizabeth B. | 0.5 | $130.00 | Attention to correspondence from Ms. Polsinelli regarding claim with Liberty Mutual. Telephone conference with Mr. Clark regarding response to same. |

| 2/20/2017 | Howard, Elizabeth B. | 3.5 | $910.00 | Draft correspondence to Ms. Polsinelli regarding correspondence to Liberty Mutual. Review all documents provided by Ms. Polsinelli in connection with same. Review collective bargaining agreements in connection with same. Draft response to same. |

Additionally, several of Ms. Swinford's narratives describe only clerical or secretarial work, which is not properly billed to a client or compensable as an attorney's fee award. "A 'purely clerical or secretarial' activity is not billable at a paralegal's rate, or at any rate at all, because such tasks are included in office overhead." *Gibson v. Scott*, No. 2:12-CV-1128, 2014 WL 661716, at *4 (S.D. Ohio Feb. 19, 2014) (Smith, J.); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Accordingly, the Court will reduce Plaintiffs' requested attorney's fees by the following amounts:

| Date | Name | Hours | Amount | Narrative |
|---|---|---|---|---|
| 4/19/2017 | Swinford, Jane L. | 0.5 | $107.50 | Searched U.S. District Court website to obtain copy of certified summons. Downloaded and saved same into Client's electronic file. Prepared packet to Mr. Siminske for service of complaint and summons on Thomas Fioritto. |
| 5/12/2017 | Swinford, Jane L. | 0.25 | $53.75 | Review of Answer filed in U.S. District Court. Downloaded and saved same into Client's electronic file. |
| 10/30/2017 | Swinford, Jane L. | 0.3 | $64.50 | Searched case style in File Site. Prepared Notice of Appearance for Mr. Stevens. |
| 11/1/2017 | Swinford, Jane L. | 0.25 | $53.75 | Finalized and filed Notice of Appearance of Mr. Stevens in U.S. District Court. Downloaded and saved same into Client's electronic file. |
| 2/5/2018 | Swinford, Jane L. | 0.5 | $107.50 | Review of Notice of Supplemental Authority in Support of Motion for Summary Judgment from Mr. Clark. Downloaded and saved same into client's electronic file and filed same in |

| | | | | U.S. District Court. |
|---|---|---|---|---|---|
| 2/7/2018 | Swinford, Jane L. | 0.25 | $53.75 | Review of Response to Notice of Supplemental Authority filed by Defendant in U.S. District Court downloaded and saved same into client's electronic file. |
| 5/10/2018 | Swinford, Jane L. | 0.25 | $53.75 | Review of Opinion and Order granting in part Plaintiffs' Motion for Summary Judgment Downloaded and saved same into client's electronic file. |

In sum, other than the entries noted above, Plaintiffs are awarded all fees and costs requested.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees is **GRANTED IN PART** and **DENIED IN PART**. Defendant shall pay Plaintiff's counsel a total of **$22,175.90** in attorney's fees and other costs.

The Clerk shall remove Document 22 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

_/s/ George C. Smith_
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**